**Hrach BAGHDASARYAN; Siranush Tamrazyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70502.
Agency Nos. A79–517–820, A79–517–821.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 20, 2005.

Hrach Baghdasaryan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Richard M. Evans, Esq., John Davis, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Hrach Baghdasaryan and Siranush Tamrazyan, husband and wife, natives of the former Soviet Union and citizens of Armenia, petition pro so for review of the Board of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's ("IJ") order denying their applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding in that inconsistencies between Baghdasaryan's written statement and his oral testimony regarding whether or not Baghdasaryan filed a complaint after his son's kidnapping go to the heart of his claim that he was persecuted in Armenia. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003) (holding that an inconsistency between a document proffered by a petitioner and a petitioner's testimony can constitute substantial evidence supporting an adverse credibility finding). Substantial evidence also supports the IJ's adverse credibility finding in that Baghdasaryan was unable to adequately explain why the medical document he submitted as evidence of his hospitalization in Armenia was written in Russian. *See id.*

In the absence of credible testimony, Baghdasaryan failed to demonstrate eligi-

---

bility for asylum, withholding of removal or relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.